John W. Park, Esq. County Attorney, Ontario County
You have asked whether autopsy reports that are included in the records prepared by a coroner or medical examiner may be made available to hospitals to be included in a patient's medical record.
Coroners or medical examiners (this office exists in counties that have abolished the office of coroner) are responsible for inquiring into unnatural deaths within the county and other deaths whether natural or unnatural of an inmate in a correctional facility or a death related to incarceration or detention of a person in a correctional facility (County Law, § 671). Specifically, a coroner or medical examiner is authorized to investigate several categories of unnatural deaths: violent deaths occurring by criminal violence, suicide or casualty; deaths caused by unlawful acts or criminal neglect; deaths occurring in a suspicious, unusual or unexplained manner; deaths caused by suspected criminal abortion; a death occurring while unattended by a physician or where a physician is unable to certify the cause of death as required by law; and a death of a person confined in a public institution other than a hospital, infirmary or nursing home (id., § 673[1]). If a coroner is not a physician his inquiry must be made jointly with a coroner's physician (id., § 673[2]). Medical examiners are licensed physicians.
When such a death occurs within his jurisdiction, the coroner or medical examiner is required to go at once to the location of the body and take charge of it (id., § 674[1]). The coroner or medical examiner is required to investigate fully the facts concerning the death and must establish a written record (id., § 674[2]). During the investigation, the coroner or medical examiner may make examinations, including an autopsy, as he determines to be necessary to establish the cause of death or determine the means or manner of death (id., § 674[3][a]). He is also required to make such examinations at the request of law enforcement officials (ibid.). Autopsy reports must be prepared regarding a death occurring to an inmate in a correctional facility or a death relating to incarceration or detention (id., § 674[5]).
Written reports of autopsies and other examinations must state every fact and circumstance tending to show the condition of the body and the cause and means or manner of death (id., § 677[2]). The written report of a death, including the autopsy findings, is required to be filed in the office of the coroner or medical examiner (ibid.).
The records of a coroner or medical examiner are available for inspection only under specified circumstances defined by statute (id., § 677).*
We have previously concluded that in enacting section 677 the Legislature intended to restrict the availability of these records except in narrowly defined circumstances (1968 Op Atty Gen [Inf] 29; 1972 Op Atty Gen [Inf] 179).
Hospital officials may order the performance of an autopsy provided that they first notify the next of kin and no objection is raised (Public Health Law, § 4214[1]). Additionally, autopsies may be conducted at the request of the next of kin to determine the cause of death (id., § 4210[3]). Medical records, including reports on autopsies, must be maintained for all hospital patients. These records are available to authorized hospital personnel and to others upon written consent of the patient (10 NYCRR § 405.1026[a]). Medical records may not be removed from the hospital except upon subpoena (ibid.).
We think there is a clear basis for distinguishing the records relating to a coroner's or medical examiner's autopsy from those relating to a hospital's autopsy that become a part of a hospital patient's records. The coroner's or medical examiner's report serves the public purpose of determining the nature and cause of deaths occurring under violent, unnatural or other suspicious circumstances. By statute, access to these reports has been restricted. In contrast, hospital autopsies are conducted to confirm diagnoses, serve as teaching models, and to maintain hospital standards as required by the Joint Commission on Accreditation of Hospitals (10 NYCRR § 720.1; Lawyer's Medical Cyclopedia, § 32A.1).
It is conceivable that a person might die without explanation while under treatment in a hospital. Hospital authorities may be unable to obtain the necessary consent to perform an autopsy. However, a coroner or medical examiner may assert jurisdiction under section 673(1)(e) of the County Law which grants jurisdiction where a physician is unable to certify the cause of death. Further, it is possible that a hospital patient might die under other circumstances, establishing a basis for jurisdiction over the body by the coroner or medical examiner. In these circumstances, the written report of the death is prepared by the coroner or medical examiner and filed in his office. These records are not part of the hospital's patient records. As coroner's or medical examiner's records, they are available only in accordance with statute (id., § 677).
We conclude that records of autopsies performed by a coroner or medical examiner on a patient in a hospital are required to be filed in the coroner's or medical examiner's office and are available for inspection only under narrowly defined circumstances. These records do not become part of the hospital's patient records.
* These records are available to the District Attorney; the personal representative, spouse or next of kin of the deceased; by court order to any person who may be affected in a civil or criminal action by the contents of the record or to a person having a substantial interest in the record; to correctional officials concerning a death of an inmate or former inmate; and to certain mental hygiene officials concerning the death of a patient (id., § 677).